IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOMO KENYATTA DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 3:16cv412-WC |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

## I. INTRODUCTION

Jomo Kenyatta Daniels ("Plaintiff") filed an application for a period of disability and disability insurance benefits on July 17, 2014, alleging that he became disabled on April 1, 2012. The application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued an unfavorable decision, and the Appeals Council denied Plaintiff's request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[2] *See Chester v. Bowen*, 792

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill shall be substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review of that decision under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 27); Def.'s Consent to Jurisdiction (Doc. 26). Based on the court's review of the record and the briefs of the parties, the court REVERSES the decision of the Commissioner and REMANDS this matter to the Commissioner for further consideration.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[3]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

>    (1) Is the person presently unemployed?
>    (2) Is the person's impairment severe?
>    (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
>    (4) Is the person unable to perform his or her former occupation?
>    (5) Is the person unable to perform any other work within the economy?

---

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The burden of proof rests on a claimant through Step Four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step One through Step Four. At Step Five, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id*. at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert

---

[4] *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits brought under Title II of the Social Security Act. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

("VE"). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was fifty-one years old on the date of the ALJ's decision. Tr. 29, 150. He had completed two years of college, and had past work experience as a heavy equipment mechanic and administrative clerk. Tr. 71, 182-83, 187. Following the administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "has not engaged in substantial gainful activity since April 1, 2012, the alleged onset date[.]" Tr. 19. At Step Two, the ALJ found that Plaintiff suffers from the following severe impairments: "post laminectomy syndrome; traumatic brain injury[;] diabetes mellitus; and sleep apnea[.]" Tr. 19. At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" Tr. 19. Next, the ALJ articulated Plaintiff's RFC as follows:

> [t]he claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) except the claimant can do occasional climbing of ramps and stairs; never climb ladders, ropes, or scaffolds. The claimant can do occasional stooping, kneeling, crouching, and never any crawling. The claimant is able to frequently handle and finger with the right upper extremities. The claimant must avoid concentrated exposure to extreme cold and heat. In addition, the claimant must avoid all exposure to hazards (machinery and heights).

Tr. 21. At Step Four, based upon the testimony of a VE, the ALJ concluded that Plaintiff "is capable of performing past relevant work as an administrative clerk." Tr. 28.

Accordingly, at Step Five, the ALJ determined that Plaintiff "has not been under a disability . . . from April 1, 2012, through the date of this decision[.]" Tr. 29.

## IV. PLAINTIFF'S ARGUMENT

Plaintiff presents seven issues on appeal:

(1) "The case should be remanded because the ALJ failed to assess the intensity and persistence of claimant's symptoms pursuant to Social Security Ruling 16-3p";

(2) "The ALJ erred in giving little weight to the VA Disability rating";

(3) "The ALJ failed to state adequate reasons for finding claimant not credible";

(4) "The finding that claimant can perform past work is not supported by substantial evidence. The ALJ failed to apply [the] proper legal standard for determining whether claimant can perform past work";

(5) "The ALJ did not consider all of claimant's severe impairments";

(6) "The ALJ erred in giving little weight to the Third Party report of claimant's wife";

(7) "The ALJ rejected the opinion of Dr. Odeh, the consulting physician for the Commissioner."

Pl.'s Br. (Doc. 12) at 2.

The undersigned will address only the second issue, as it is dispositive of the case.

## V. DISCUSSION

Plaintiff argues that the ALJ erred by failing to assign the proper weight to Plaintiff's VA Disability rating. Pl.'s Br. (Doc. 12) at 26-27. Plaintiff asserts that a VA determination, while not binding on the ALJ, must be considered and afforded great weight. *Id*. Here, the ALJ afforded Plaintiff's VA disability rating "little weight." *Id*.; Tr. 28.

Here, in affording Plaintiff's VA disability rating "little weight," the ALJ noted:

> The undersigned has also taken into consideration the VA conclusion that the claimant's impairments were 100 percent service connected. The undersigned has given little weight to the Department of Veterans Affairs determination. The disability determination processes utilized by the Department of Veterans Affairs and the Social [S]ecurity Administration are fundamentally different. The Department of Veterans Affairs does not make a function-by-function assessment of an individual's capabilities (i.e., determine the claimant's residual functional capacity) or determine whether the claimant is able to perform either his past relevant work or other work that exists in significant numbers in the national economy as is required by the Regulations. Thus, a disability rating by the Department of Veterans Affairs is of little probative value in these proceedings. Therefore, the undersigned has given that rating little weight.

Tr. 28.

The Commissioner argues that the ALJ did not err in discounting the VA rating, as the ALJ "fully and properly considered Plaintiff's statement that he had a 100% disability rating." Doc. 18 at 9. The Commissioner also points out that "the record before the ALJ contained only Plaintiff's statements regarding his VA rating and not the actual VA determination." *Id*. Presumably, the Commissioner finds the absence of "the actual VA determination" in the record below supportive of the conclusion that the ALJ properly discounted the VA rating. Notably, however, the ALJ does not rely upon a lack of tangible evidence in the record to discount the rating, but instead bases her discount upon a difference in governmental agency procedure.

"The SSA regulations provide a decision by any nongovernmental or governmental agency concerning whether an individual is disabled, based on that agency's own rules, does not constitute an SSA decision regarding whether that individual is disabled."

7

*Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 914 (11th Cir. 2015) (citing 20 C.F.R. § 404.1504). Numerous Eleventh Circuit cases recognize that, although a VA disability rating is not binding on the Commissioner, it is evidence that must be considered and entitled to "great weight." *See, e.g.*, *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) ("Although the V.A.'s disability rating is not binding on the [Commissioner], it is evidence that should be given great weight.") (internal quotation marks and citation omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983) ("The findings of disability by another agency, although not binding on the [Commissioner], are entitled to great weight."); *Kemp v. Astrue*, 308 F. App'x 423, 426 (11th Cir. 2009) ("'A VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is entitled to great weight.'") (quoting *Rodriguez*, 640 F.2d at 686 (5th Cir. 1981)).

Here, the ALJ expressly stated that she gave Plaintiff's VA disability rating "little weight." Tr. 28. In so doing, the ALJ generically concluded that the VA evaluation process is distinguishable from the evaluation process of the Social Security Administration, thus making the rating of "little probative value" to her evaluation of Plaintiff. Tr. 28. This assignment of little weight, along with the ALJ's sole reliance upon the difference in agency procedure for discounting the rating, demonstrates to the court that the ALJ did not follow proper legal standards in resolving Plaintiff's disability claim. Multiple cases within the Eleventh Circuit indicate the same.

In *Brown-Gaudet-Evans v. Commissioner of Social Security*, the Eleventh Circuit addressed the plaintiff's argument that the ALJ erred by assigning "little weight" to the

VA's disability determination, "because disability determinations by other agencies are entitled to 'great weight.'" *Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, No. 15-15305, 2016 WL 7157976, at *1 (11th Cir. Dec. 8, 2016). This Circuit concluded that the ALJ erred in assigning the rating "little weight," reasoning that

> [a]lthough the V.A.'s disability rating is not binding on the [SSA], it is evidence that should be given great weight. *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) [ ]; *see also* 20 C.F.R. § 404.1504 (providing that other government agency decisions about a person's disability status based on that agency's own rules are not binding on the SSA). It is not disputed that the VA's 'disability' determination relies on different criteria than the SSA's determination. But that does not mean that the ALJ can summarily ignore the VA's determination nor give it "little weight." Therefore, the ALJ erred.

*Id*. The Circuit further noted that, "[o]n remand, the ALJ is not required to give the VA's disability determination controlling weight." *Id*. However, "the ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination." *Id*.

In *Dunham v. Colvin*, the plaintiff argued that the ALJ erred by failing to give "great weight" to his 100% service-connected disability rating assigned by the VA. *Dunham v. Colvin*, Case No. 2:15-cv-622-GMB, 2017 WL 253979, at * 2 (M.D. Ala. Jan. 19, 2017). There, in remarkably similar language to the ALJ in this case, the ALJ provided the following reasons for discounting the rating:

> The disability determination processes utilized by the Department of Veterans Affairs and the Social Security Administration are fundamentally different. Department of Veterans Affairs does not make a function-by-function assessment of an individual's capabilities (i.e., determine the claimant's residual functional capacity) or determine whether the claimant is able to perform either his past relevant work or other work that exists in significant numbers in the national economy as is required by the

9

> Regulations. Thus, a disability rating by the Department of Veterans Affairs is of little probative value in these proceedings. Therefore, the undersigned has given that rating little weight.

*Id*. at 3. This court concluded that the ALJ erred in assigning "little weight" to the VA's disability rating, "unequivocally demonstrating to the court that the ALJ did not follow proper legal standards in resolving [the plaintiff's] disability claim because he failed to afford [the plaintiff's] disability rating 'great weight.'" *Id*. This court reasoned:

> The ALJ gave [the plaintiff's] 100% service-connected disability rating 'little weight' for no reasons other than that the VA uses different criteria than the SSA to determine disability. This fact alone is not a specific reason that the ALJ can give for discounting the weight assigned to a VA disability determination.

*Id*.

In *Gray v. Colvin*, this court similarly concluded that the ALJ failed to give appropriate weight to the plaintiff's VA disability rating. *Gray v. Colvin*, Case No. 2:15cv401-SRW, 2016 WL 5660686, at *3 (M.D. Ala. Sept. 28, 2016). This court reversed and remanded the plaintiff's claim based upon the ALJ's assignment of "little weight" to the VA's disability determination, reasoning that by assigning the claimant's VA disability rating "little weight," the ALJ committed "legal error in and of itself." *Id*. at 4. Specifically, this court noted that the Commissioner failed to direct the court to any decision supporting "the notion that an ALJ can depart from the 'great weight' standard *even if he has good reason to do so*." *Id*. (emphasis added). Thus, this court remanded the plaintiff's claim to the Commissioner to reconsider the plaintiff's disability after affording "great weight" to the VA's disability rating. *Id*.

In *Wood v. Colvin*, the Middle District of Florida also addressed the issue. In that case, the ALJ concluded that the VA's disability rating was not entitled to "any significant weight," reasoning as follows:

> The undersigned has not accorded any significant weight to the decision by the Veteran's Administration (VA) disability board that the claimant is 100% disabled[.] The VA decision includes factors that are not germane to the issue of disability under the Social Security Act. Moreover, the undersigned Administrative Law Judge is not bound by the decision of another governmental or non-governmental agency (20 CFR 404.1504). Consequently, while the clinical findings reported by the VA medical staff were given appropriate weight as treating sources, the final opinion as to degree of disability is not entitled to any significant weight.

*Wood v. Colvin*, Case No. 6:16-cv-241-Orl-28JBT, 2017 WL 379473, at *2 (M.D. Fla. Jan. 6, 2017). In reversing and remanding for further proceedings, that court reasoned that the ALJ "neither gave [the VA rating] great weight nor sufficiently explained why he was not doing so." *Id*. at 2. Specifically, that court noted that the ALJ's "brief explanation that the VA decision includes unidentified 'factors that are not germane to the issue of disability under the Social Security Act' is insufficient to allow for meaningful review." *Id*.

Here, the ALJ's reasoning for discounting the VA's disability rating is conclusory at best, and similar to the reasoning of the ALJs cited above. Indeed, in affording the VA's disability rating "little weight," the ALJ relied simply upon the difference in the "processes utilized by" the VA and the SSA. Tr. 28. Finding them to be "fundamentally different," the ALJ determined that the VA's disability rating "is of little probative value." *Id*. Such a conclusion fails to satisfy the requirement that the ALJ seriously consider the VA disability rating and afford it great weight. *See Gibson v. Comm'r of Soc. Sec.*, 725 F.

11

Supp. 2d 1347, 1351 (M.D. Fla. 2010) (determining that the ALJ erred by rejecting the VA's disability rating because the criteria differ from the Commissioner's "without any true analysis of the basis for the VA rating"); *Hogard v. Sullivan*, 733 F. Supp. 1465, 1468 (M.D. Fla. 1990) ("The ALJ's perfunctory rejection of the VA disability rating as based on different criteria from Social Security disability determinations does not indicate that he accorded it great weight as required by the case law."). Consequently, the ALJ's decision denying Plaintiff benefits must be reversed and remanded.

In arguing against reversal, Defendant relies on the *Ostborg* decision. *Ostborg,* 610 F. App'x 907 (11th Cir. 2015). In *Ostborg*, this Circuit found no error in the ALJ's decision to discount the VA disability rating. *Ostborg*, 610 F. App'x at 914. *Ostborg*, however, is distinguishable from the case at hand. In *Ostborg*, the Eleventh Circuit determined that "the ALJ closely scrutinized the VA's disability decision and gave specific reasons for determining the VA's determination had little bearing on Ostborg's case." *Id*. The same cannot be said here, where the ALJ did not give specific reasons for discounting the VA rating, but, instead, relied solely upon on the lack of similarity in the evaluation processes between the VA and the SSA.

Notably, here, it does not appear that the actual VA determination was before the ALJ. The absence of such a record would undoubtedly impede the ALJ's ability to identify the reasons, if any, to discount the rating. Nonetheless, the ALJ specifically considered the disability rating of 100%, and afforded it little weight, and did not rely upon a lack of tangible evidence in doing so. Thus, as explained further below, the undersigned is left to

wonder the source of the information relied upon by the ALJ to discount the rating. Such confusion prevents the undersigned from conducting a truly meaningful review of the ALJ's treatment of the VA disability rating.

At the hearing before the ALJ on July 7, 2015, Plaintiff testified that his VA disability rating was 90%. Tr. 45. Prior to Plaintiff's testimony, the ALJ noted that documentation for the VA disability rating was missing from the record. Tr. 38. Upon request from Plaintiff's counsel, the ALJ held open the record for ten days to allow supplementation. Tr. 38. It does not appear that the record below was ever supplemented with the relevant evidence, as the record before this court lacks actual VA documentation setting forth Plaintiff's disability rating.[5] Therefore, based upon Plaintiff's testimony at the hearing, the evidence before the ALJ was that Plaintiff's VA disability rating was 90%.

Curiously, however, when issuing her opinion, the ALJ specifically considered Plaintiff's VA disability rating at 100%. Tr. 28. Thus, the ALJ presumably relied upon

---

[5] This conclusion is also supported by Plaintiff's previously filed Motion to Remand (Doc. 13) pursuant to sentence six. In that motion, Plaintiff moved to remand based upon the submission of a letter from the VA, dated August 3, 2015, reflecting an amended VA disability rating of 100%. Doc. 13. The undersigned denied Plaintiff's motion, concluding that the "new" evidence did not meet the standard for a sentence six remand because Plaintiff failed to show good cause for his failure to submit the evidence at the administrative level. Doc. 30 at 2-4. The undersigned reasoned that, because the letter was available to Plaintiff before the conclusion of the administrative proceedings, Plaintiff failed to satisfy the good cause requirement for remand. *Id.*

Within the Commissioner's Response in Opposition to Plaintiff's motion to remand, the Commissioner argued that the August 2015 determination letter was "cumulative of evidence before the ALJ." Doc. 20 at 3. The Commissioner noted that the determination letter "indicates Plaintiff had a 100% disability rating from the VA based on radiculopathy, diabetes, post-traumatic stress disorder, and degenerative disc disease in the law [sic] back." *Id.* The Commissioner further stated that, "[a]t the time of the ALJ's decision, Plaintiff reported that he had a 100% disability rating from the VA, and the ALJ considered that rating." *Id.* Notably, Plaintiff's testimony before the ALJ was that his disability rating was 90%, not 100%. Tr. 45. The undersigned did not address this factual inaccuracy within the order denying Plaintiff's motion to remand, as the undersigned concluded that Plaintiff failed to satisfy good cause because he could have presented the evidence prior to the closing of the administrative proceedings.

evidence other than Plaintiff's testimony at the hearing (which must have been produced after the hearing) in evaluating the VA disability rating. In reviewing the record before this court, the undersigned has located a report from Dr. Lewis Lieberman, a consultative physician who evaluated Plaintiff on December 5, 2015. Tr. 1085. In that report, Dr. Lieberman indicated Plaintiff's VA disability rating was 100%. Tr. 1085 (noting that Dr. Lieberman considered Plaintiff's "100% service connected disability" related to "both physical and mental disorders" in his evaluation of Plaintiff). Thus, it is possible that the ALJ relied upon the statement of Dr. Lieberman to consider the VA rating at 100% instead of 90%. Alternatively, it is possible that the ALJ received some form of documentation from Plaintiff reflecting a disability rating of 100% that is simply not reflected in the record here. However, regardless of the source of the ALJ's information, it is clear that the ALJ considered Plaintiff's VA disability rating at 100%, and afforded it little weight based upon differences in the agencies' decision processes.

While it is undoubtedly Plaintiff's burden to prove disability and provide the relevant pieces of medical evidence to support such disability, it is clear to the undersigned that the ALJ failed to properly weigh the disability rating from the VA as a matter of law. To the extent that the Commissioner argues the discount was proper because the ALJ did not have the actual VA disability rating before her, the argument is unavailing. Indeed, it cannot be said, as the Commissioner contends, that the ALJ "fully and properly considered" the VA's disability rating based upon Plaintiff's testimony because Plaintiff's testimony does not support the conclusion that his disability rating was 100%. *See* Doc. 18 at 9

("However, the record before the ALJ contained only Plaintiff's statements regarding his VA rating and not the actual VA determination. *The ALJ fully and properly considered Plaintiff's statement that he had a 100% VA disability rating* (Tr. 28).") (emphasis added). On remand, the ALJ is not required to give the VA's disability determination controlling weight. *See Brown-Gaudet-Evans*, 2016 WL 7157976, at *1. However, in determining whether Plaintiff is disabled, the ALJ must "seriously consider and closely scrutinize the VA's disability determination and must give specific reasons," apart from the differing disability standards used by the VA and the SSA, if she chooses to discount that determination. *Id.*; *see also Rodriguez*, 640 F.2d at 686 ("A VA rating of 100% disability should have been more closely scrutinized by the ALJ."). As part of that requirement, the ALJ should point to the evidence in the record—or lack thereof—to support her reasoning.

Accordingly, the undersigned concludes that the Commissioner's decision is due to be reversed and remanded for further proceedings.

## VI. CONCLUSION

For all of the reasons given above, the undersigned Magistrate Judge concludes that the decision of the Commissioner is REVERSED and this matter is REMANDED back to the Commissioner of Social Security for further proceedings consistent with this opinion. A separate judgment will issue.

Done this 17th day of May, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE